UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Frederick Banks,         )
                         )
        Plaintiff,       )
                         )
v.                       )     Civil Action No.  **07 0321**
                         )
                         )
Bureau of Prisons *et al.*, )
                         )
        Defendants.      )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and, pursuant to 28 U.S.C. § 1915A(b)(2), will dismiss a claim and transfer the remainder of the case to the United States District Court for the Eastern District of North Carolina.

Pursuant to § 1915A, the Court is required to screen a prisoner's complaint and "identify cognizable claims or dismiss the complaint, or any portion [thereof] if the complaint," among other grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). Plaintiff is a prisoner incarcerated at the Federal Correctional Institution in Butner, North Carolina. He seeks to compel defendants' compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, arising from his request for records on January 18, 2007. He also asserts claims under the Privacy Act, 5 U.S.C. §§ 552a *et seq.*, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.

FOIA claims are premised on an agency's improper withholding of records. *See McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)) ("federal jurisdiction is dependent upon a

showing that an agency has (1) improperly; (2) withheld; (3) agency records") (internal quotation marks omitted). As a general rule, a FOIA requester must exhaust his administrative remedies before filing a lawsuit. *See Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990). Exhaustion is not a jurisdictional barrier but "as a jurisprudential doctrine, [the] failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). The District of Columbia Circuit therefore has interpreted the FOIA's exhaustion provisions as "requiring the completion of the administrative appeal process before courts become involved, if the agency has responded to the request before suit is filed." *Oglesby*, 920 F.2d at 65. An agency has twenty business days in which to respond to a FOIA request. *See* 5 U.S.C. § 552(a)(6)(A). The Clerk received plaintiff's lawsuit on January 26, 2007, weeks before the deadline for the agency's response. It is too soon for plaintiff to claim that he has exhausted his administrative remedies either actually or constructively. The Court therefore will dismiss the FOIA claim for failure to state a claim upon which relief may be granted.

As for the remaining claims, the proper venue for litigating an FTCA claim is limited to "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). A Privacy Act claim may be heard either by this Court or by the district court in the district where the plaintiff resides or where "the agency records are situated." 5 U.S.C. § 552a(g)(5). Plaintiff's FTCA claim arises from the alleged confiscation of his property by officers at the Butner correctional facility, *see* Compl. ¶¶ 2, 14-16, and his Privacy Act claim arises from alleged inaccuracies in records maintained there. *See id.* ¶¶ 17-20. The Court

therefore finds it appropriate to transfer the remainder of this case to the district court properly situated to entertain both claims. A separate Order accompanies this Memorandum Opinion.

/s/ Ricardo M. Urbina
United States District Judge

Date: 2/5/2007